**DECHERT LLP, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.

Decided Jan. 23, 2008.

David R. Kraus and Randy L. Varner, Harrisburg, for petitioner.

Karen M. Gard, Sr. Deputy Attorney General, Harrisburg, for respondent.

---

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY President Judge LEADBETTER.

Dechert LLP has filed exceptions to this court's April 25, 2007, opinion and order affirming the Board of Finance and Revenue's (Board) denial of Dechert's request for a refund of sales taxes paid in connection with the purchase of licenses to use computer software. After review, we deny the exceptions.

The underlying facts, stipulated to by the parties and set forth in our initial opinion,[1] need not be restated here. For the present analysis, it is sufficient to note that Dechert purchased various licenses to use canned software programs; the software programs were either contained on a tangible medium, or delivered electronically. Moreover, a portion of the licenses purchased were license renewals for software previously purchased. Dechert paid the associated sales tax imposed pursuant to Section 202 of the Tax Reform Code of 1971 (Code),[2] as amended, 72 P.S. § 7202, and then sought a refund, contending that a license to use software does not constitute "tangible personal property" as that term is defined by the Code,[3] and, therefore, is not subject to tax under Section 202. The Board of Appeals denied relief

with respect to the taxes paid in connection with the license fees and the Board affirmed. Dechert appealed the matter to this court, and we affirmed, primarily relying on our decision in Graham Packaging Co., LP v. Commonwealth, 882 A.2d 1076 (Pa.Cmwlth.2005), a virtually indistinguishable case.[4] See Dechert LLP v. Commonwealth, 922 A.2d 87 (Pa.Cmwlth.2007).

In its exceptions, Dechert reasserts its earlier argument that the Code's definition of "tangible personal property" does not include either licenses to use software programs or software programs and, therefore, these items do not fall within the ambit of tangible personal property and are not properly the subject of a sales tax. In connection with this argument, Dechert emphasizes that the parties have stipulated that it paid consideration for the licenses to use the software programs, not the software programs themselves. Therefore, Dechert maintains that tangible personal property was not the object of the transactions at issue because a license, by its very nature, is an intangible right to use and copy programs containing patented intellectual processes. Dechert also disagrees with our conclusion, reached in both our initial opinion and Graham Packaging, that software constitutes tangible personal property under our statutory scheme. In making this argument, Dechert contends that we misconstrued the relevant statutory and regulatory scheme, as well as legislative intent. Dechert further maintains that the legislature's failure

---

1. *Dechert LLP v. Commonwealth,* 922 A.2d 87 (Pa.Cmwlth.2007).

2. Act of March 4, 1971, P.L. 6.

3. *See* Section 201(m), 72 P.S. § 7201(m).

4. In *Graham,* this court concluded that canned software programs constitute tangible personal property under the Code and, that, fees paid to renew licenses to use such pro-

grams are taxable under Section 202. As we noted in our initial opinion, the court reached this conclusion in *Graham* after examining the applicable statutory and regulatory provisions, including the amendments thereto, the inherent nature of software, and the analyses employed in other jurisdictions in resolving the same issue. See *Dechert,* 922 A.2d at 90–91 (briefly reviewing *Graham* ).

to include software licenses within the definition of tangible personal property, while expressly including other items of a quasi-physical nature, e.g., electricity, cable, renders the provision ambiguous, requiring that the provision be construed against the Commonwealth and in its favor. Finally, as before, Dechert suggests that our reasoning in *Graham Packaging* is flawed because it results in different tax treatment of canned and custom software.[5]

We begin by noting that we have reexamined our initial decision in this case, as well as *Graham Packaging,* and discern no error in either. Moreover, those decisions resolve the majority, if not all, of the arguments that Dechert raises here. Notwithstanding our conclusion that our initial decision was correct, we take this opportunity to reiterate that the premise underlying most of Dechert's arguments, that the true object of the taxed transactions was an intangible right (the license) not properly subject to tax under Section 202, is flawed.

First, pursuant to Section 201(k)(1), a taxable "sale at retail" includes the "transfer, for a consideration, of the ownership, custody or possession of tangible personal property, *including the grant of a license to use or consume.* ..." 72 P.S. § 7201(k)(1) (emphasis added). Clearly, a license to use tangible personal property is subject to tax. Second, as the Commonwealth notes, Dechert continues to confuse the corporeal software program with the intangible right to use and copy the software. The object of the transaction is the computer program, not the license. Absent the program, the license is useless; it is the program, stored on the computer hardware, which enables the user to perform the desired tasks or functions.

In addition, we reject Dechert's argument that this court erred in *Graham Packaging* by relying on *South Central Bell Telephone Co. v. Barthelemy,* 643 So.2d 1240 (La.1994), because that state's definition of "tangible personal property" differs from the Commonwealth's. This court did not rely on *South Central Bell* to construe our definition of "tangible personal property" but for elucidation on the nature of software. Specifically, we stated:

> We agree with the Supreme Court of Louisiana that a purchaser of canned computer software is acquiring more than incorporeal knowledge or an intangible right; rather, the purchaser is acquiring an electronic copy of a computer program that is stored on a computer's hardware, takes up space on the hard drive and can be physically perceived by checking the computer's files. It remains in the computer and operates the program each time it is used.

*Graham Packaging,* 882 A.2d at 1086–87.

Finally, we conclude that the Code's definition of "tangible personal property" is not rendered ambiguous merely because the statute fails to expressly state that software licenses constitute tangible personal property, or because consideration of the entire statutory and regulatory scheme is required to determine whether canned software programs constitute tangible personal property. Based upon the foregoing, Dechert's exceptions are denied.

### ORDER

AND NOW, this 23rd day of January, 2008, Dechert LLP's exceptions to this court's opinion and order in *Dechert LLP v. Commonwealth,* 922 A.2d 87 (Pa. Cmwlth.2007) (*Dechert I* ), are hereby DENIED. Judgment in accordance with *Dec-*

---

**5.** Notably, a uniformity challenge is not being raised.

*hert I* shall be entered in favor of the Commonwealth of Pennsylvania plus appropriate interest.